## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. MICHAEL A GRINDSTAFF, and | ) |
| | ) |
| 2. DEBORAH L GRINDSTAFF | ) |
| | ) |
| Plaintiffs, | ) |
| v. | )   Case No. CIV-12-670-W |
| | ) |
| 1. ACE AMERICAN INSURANCE COMPANY, | ) |
| | ) |
| 2. THE ACE GROUP OF COMPANIES, and | ) |
| | ) |
| 3. ACE LIMITED | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

In support of the filing of this lawsuit, plaintiffs state as follows:

1.      Plaintiffs bring this lawsuit in an effort to help protect Oklahoma and U.S. citizens from mistreatment by insurers with respect to first party claims and fraud.  And Plaintiffs seeks to enforce their rights under Oklahoma law to recover benefits due according to its insurance policy with the Defendants.

### Parties

2.      Plaintiffs are residents of Oklahoma County, State of Oklahoma.

3.      Defendant ACE Limited is incorporated in Zurich, Switzerland. (herein "ACE Limited").

1

4.     Defendant The ACE Group of Companies (herein "Defendant ACE Group" or "ACE Group") is one of the world's largest providers of commercial property and casualty insurance and reinsurance, with more than $87 billion in assets and nearly $21 billion of gross written premiums in 2011.  Defendant ACE Group is a wholly owned subsidiary of ACE Limited.

5.     Defendant ACE American Insurance Company (herein "Defendant ACE-AIC" or "ACE-AIC"), located at 436 Walnut Street, Philadelphia, Pennsylvania  19106, is the wholly owned subsidiary of Defendant ACE Group.

6.     Defendant ACE-AIC is the arm of ACE Limited directly responsible for all marketing associated with the ACE Disaster Mortgage Protection Policy sold by ACE Limited and purchased by the Plaintiffs relative to their home located at 1908 Oaks Way, Oklahoma City, OK  73131, i.e., Policy No. DRPUS0000062228 (herein the "Policy").

7.     ACE-AIC is also the underwriter of the Policy.

8.     The three ACE entities, i.e., ACE Limited, ACE Group, and ACE-AIC, are collectively referred to in this Complaint as the "ACE Defendants" "ACE" or the "Defendants").

9.     The Defendants are foreign for-profit-insurance corporations licensed to conduct business in the state of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

10     This action is not related to any other case filed in this court.

**Jurisdiction**

11.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**Facts**

12.     At all times material hereto the Plaintiffs owned their home located at 1908 Oaks Way, Oklahoma City, OK  73131, (herein the "Property").

13.     At all times material hereto the Plaintiffs had in effect a homeowners' policy on their home with Allstate.

14.     Plaintiff Michael Grindstaff sought to supplement his coverage over and above his homeowner's policy with Allstate and reviewed marketing materials supplied by ACE relative to its "ACE Disaster Mortgage Protection Policy" and specifically the Policy.

15.     The Policy was advertised, *inter alia*, and represented as an insurance agreement that Plaintiffs could rely on to "protect the policyholder's financial investment by covering the mortgage commitment if the home sustains significant structural damage or is destroyed as a result of disaster".

16.     The marketing materials disseminated by ACE represented or at least created the reasonable expectation that the Policy provided coverage/protection from losses not covered by other policies, especially including those losses for which coverage is excluded by standard homeowners' policies, and especially for any significant

3

structural damage.

17.     Plaintiffs relied on the representations contained within and about the ACE marketing disclosures in making their decision to purchase the Policy.

18.     On June 14, 2010, Plaintiffs suffered a loss to their Property which has destroyed the value of their Property.   That is due to a disastrous storm plaintiffs' home suffered permanent, significant structural damage as a result of erosion about the land adjacent to their home.

19.     Plaintiffs filed a claim pursuant to the Policy, i.e., Claim No. 124P248888-1 (herein the "Claim").

20.     At all times material hereto, plaintiffs complied with the terms and conditions of the Policy issued by ACE.

21.     Whether plaintiffs' Claim is covered by the Policy should be considered in light of Oklahoma's Reasonable Expectations Doctrine.  And to the extent necessary, the Policy should be reformed to conform to the Plaintiff's reasonable expectations.


**Count I Breach of Contract**

22.     Plaintiffs met all conditions precedent to the application and enforcement of said insurance Policy, yet Defendants unreasonably breached the terms and conditions of the Policy by refusing to pay Plaintiffs the amount due for losses as a result to significant structural damage to their Property.    Defendant also breached the parties' contract by engaging in other acts during its handling of Plaintiff's claim that were contrary to the

Policy, such as refusing to perform a reasonable investigation and evaluation of the damage to Plaintiff's Property.

23.     Defendant waived any contractual rights it may have, including but not limited to appraisal and arbitration, due to its delay, unfair actions, breach of the underlying contract, and wrongful denial of Plaintiffs' claim.   Additionally, ACE's breach of the underlying contract relieves Plaintiffs of any corresponding obligations, including but not limited to appraisal or arbitration.

## Count II Bad Faith

24.     Defendant ACE and its agents and/or its employees were unreasonable in their investigation, evaluation, interpretation of coverage, and payment of policy benefits that are due and owing to the plaintiffs.

25.     Defendant ACE breached its duty of good faith and fair dealing by engaging in an unreasonable investigation and evaluation, which included, *inter alia*, Defendant's refusal to communicate with Plaintiff in any good faith manner and a reckless misevaluation of the circumstances and damage to the Property.

26.     The unreasonable conduct of Defendant ACE in the handling of Plaintiff's Claim was willful and wanton or committed with such a reckless disregard to the rights of Plaintiffs that punitive damages are warranted.

27.     Plaintiff hereby request that the matters set forth herein be determined by a jury.

5

**A Few Specific Ways in Which Defendants Breached the Insurance Policy and
Breached the Duty of Good Faith & Fair Dealing**

28.     Among other bad faith acts, ACE ignored a pair of engineering assessments
of the Property in which the engineers identified that the Property had suffered a
permanent and total loss.   ACE as an insurer has a duty to fairly and in good faith
investigate all aspects of the Claim.   ACE unreasonably breached its duty to conduct a
fair and in good faith investigation of the Claim when it (1) ignored the engineering
assessments, and again (2) by never consulting any engineer or qualified persons to
investigate the nature and scope of plaintiffs' Claim.

29.     ACE   also   violated   the   insurance   industry   standards   relative   to
communicating with the Plaintiffs by failing to respond to Plaintiffs' inquiries within a
reasonable time and often not at all.   One example of ACE's failure to furnish its insured,
i.e., the Plaintiffs, with an adequate response to their inquiry is ACE never responded to
email from Plaintiff Mike Grindstaff inquiring about the status of his Claim, which was
sent to Claims Representative Gillicinski on July 22, 2011.   ACE has a duty to
communicate with the plaintiffs about their claim.  See, Title 36 O.S. §1250.4.  And ACE
unreasonably breached its duty to communicate with regard to the July 22, 2011, inquiry
and other legitimates inquiries of the plaintiffs about the Claim.

## Prayer

30.    Wherefore, having properly plead, Plaintiffs seek judgment in their favor and against each one of the ACE Defendants, jointly and severally, in an amount in excess of $75,000.00, for actual and punitive damages, costs, interest, attorney fees, and any other relief that the Court may during this lawsuit find appropriate.


Respectfully submitted,


S/Timothy B. Hummel
Timothy B. Hummel, OBA # 16511
500 West Main Street, Suite 204
Oklahoma City, Oklahoma 73102
(405) 319-0300 telephone
(405) 319-0350 facsimile
tim@hummellawoffice.com
Attorney for Plaintiffs

Attorney Lien claimed