IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

**FILED**
JUL - 9 2013
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

MICHAEL A. GRINDSTAFF et al., )
)
Plaintiffs, )
)
vs. ) No. CIV-12-670-W
)
ACE AMERICAN INSURANCE )
COMPANY, )
)
Defendant. )

## ORDER

This matter came on before the Court on the Motion for Order Dismissing Plaintiffs' Cause of Action Without Prejudice filed on June 25, 2013, by plaintiffs Michael A. Grindstaff and Deborah L. Grindstaff. See Doc. 26. Defendant Ace American Insurance Company ("Ace") responded, see Doc. 27, and upon review of the same, the Court directed the plaintiffs to file a reply addressing Ace's argument that the dismissal sought by the plaintiffs be conditioned on the payment of Ace's costs and on the requirement that any future action against Ace based upon the claims in this lawsuit be filed in the United States District Court for the Western District of Oklahoma. See Doc. 28.

Rule 41(a)(2), F.R.Civ.P., permits the Court in the exercise of its discretion to dismiss an action "at the plaintiff[s'] request . . . on terms that the [C]ourt considers proper." The plaintiffs have contended that the dismissal should be without prejudice, and as indicated by their reply, they have not objected to Ace's proposed forum and venue restriction, see Doc. 29 at 1; the plaintiffs have, however, objected to Ace's request that dismissal be subject to the payment of costs.

Rule 41(a)(2) "'is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" Brown v. Baeke, 413 F.3d 1121, 1123 (10th Cir. 2005)(quoting Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 357 (10th Cir. 1996)(further quotation omitted)). "Absent 'legal prejudice' to the defendant, the . . . [C]ourt normally should grant such a dismissal." Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997)(citations omitted).

The United States Court of Appeals for the Tenth Circuit has explained that

> [p]rejudice [to the defendant] does not arise simply because a second action . . . may be filed against the defendant, which is often the whole point in dismissing a case without prejudice. Rather, prejudice is a function of other practical factors including: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant[s]; insufficient explanation of the need for a dismissal; and the present stage of the litigation." These factors are neither exhaustive nor conclusive; the [district] court should be sensitive to other considerations unique to the circumstances of each case. And "[i]n reaching its conclusion, the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff[s]."

Brown, 413 F.3d at 1124 (quotations and further citation omitted). Because the plaintiffs' request for dismissal should be granted unless the defendant will suffer some legal prejudice other than the mere prospect of a second lawsuit, the Court has considered those factors deemed relevant by the circuit court in light of the circumstances of this case.

In so doing, the Court is mindful that it is well-established that "'[w]hen a plaintiff dismisses an action without prejudice, a . . . court may seek to reimburse the defendant for [its] . . . attorneys' fees because [the defendant] . . . faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon . . . [it].'" Spalsbury v. Sisson, 250 Fed. Appx. 238, 250 (10th Cir. 2007)(quoting AeroTech, Inc. v. Estes, 110 F.3d 1523, 1528

(10th Cir. 1998)(citation omitted)(cited pursuant to Tenth Cir. R. 32.1). The Court is equally mindful that any conditions, monetary or otherwise, that are imposed should be limited to those that actually "alleviate any prejudice a defendant might otherwise suffer upon refiling of an action." American National Bank & Trust Co. of Sapula v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991)(citations omitted).

This matter, which has been pending since June 12, 2012, see Doc. 1, involves the issue of coverage under a Disaster Recovery Certificate of Insurance ("Certificate") issued by Ace. The plaintiffs, as the Certificate holders, have contended in their amended complaint that Ace unreasonably breached the Certificate's terms as well as its implied duty of good faith and fair dealing. See Doc. 7.

Ace answered on November 13, 2013, see Doc. 11, and it has denied that the plaintiffs are entitled to benefits. It has further alleged that it promptly and reasonably investigated and evaluated the plaintiffs' claim for benefits before making its decision about coverage under the Certificate. See Doc. 11.

The matter was set for status conference on January 2, 2013. On that date, at the plaintiffs' request and by agreement of the parties, the Court declined to enter a scheduling order and continued the status conference to the Court's May 2013 status conference docket in light of the plaintiffs' lawsuit against their homeowners association, involving the same events underlying the instant action. That action, which was filed in the District Court for Oklahoma County, Oklahoma, Grindstaff v. The Oaks Owners' Association, Inc., No. CJ-2011-3479, was then set for trial in April 2013.

At the status conference on May 1, 2013, the plaintiffs advised that the trial in the state court action had been continued to September 2013, and they again asked that no

pretrial deadlines be established in the instant action. At Ace's request and again by agreement of the parties, the Court ordered that the parties could engage in certain paper discovery, and it set July 1, 2013, as the dispositive motion deadline.

In its response to the instant motion, Ace has complained that the plaintiffs' failure to admit that coverage does not exist under the Certificate and their delay in seeking dismissal of this action have caused Ace "to incur unnecessary fees and expenses." Doc. 27 at 4, ¶ 8. Ace has further argued that it is obligated to pay legal fees and costs associated with discovery requests, including requests for admission, requests for production and interrogatories, as well as those fees and costs related to the preparation of the motion for summary judgment filed on its behalf. E.g., id. at 5, ¶ 9.

In their reply, the plaintiffs have argued that this matter was only filed because the applicable statutes of limitation had been triggered and that had Ace agreed to the stay requested by the plaintiffs, Ace could have mitigated the fees, costs and expenses that it has incurred. The plaintiffs have reported that they have limited resources and that they intend to focus on the state court action.

After balancing the relevant equities in an attempt to craft conditions that are not unduly punitive or unduly favorable to either party, the Court

(1) ADVISES the parties that it intends to grant the plaintiffs' Motion for Order Dismissing Plaintiffs' Cause of Action Without Prejudice [Doc. 26] filed on June 25, 2013, and dismiss this lawsuit without prejudice; but

(2) further ADVISES that such dismissal, to alleviate any unfairness to Ace caused by the voluntary dismissal and possible subsequent refiling of this matter, shall be subject to the following conditions:

(a) if the plaintiffs refile their claims against Ace, such refiling must be in the United States District Court for the Western District of Oklahoma;

(b) at the time of refiling, if any, the plaintiffs shall immediately provide Ace with all responses to all currently outstanding discovery requests; and

(c) if the plaintiffs' claims against Ace are refiled, the plaintiffs shall be liable for all reasonable attorney fees, costs and expenses incurred by Ace in the preparation of the motion for summary judgment;[1]

(3) further ADVISES that because the plaintiffs should be given the opportunity to withdraw their request for voluntary dismissal since the Court has decided to impose these conditions, DIRECTS the plaintiffs to notify the Court in writing no later than July 17, 2013, whether their Motion for Order Dismissing Plaintiffs' Cause of Action Without Prejudice should be deemed withdrawn because the plaintiffs find the proposed conditions unacceptable or too onerous or whether said motion should be granted, subject to the conditions set forth herein; and

(4) ADVISES the parties that Ace's deadline for filing a dispositive motion, see Doc. 24 at 3, ¶ 21, is hereby STAYED pending further order of the Court.

ENTERED this 9th day of July, 2013.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[1] The amount of fees, costs and expenses will be determined at the time the plaintiffs refile their claims, and they shall pay such fees, costs and expenses within the time then designated by the Court.