FILED
JUL 1 8 2013
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL A. GRINDSTAFF et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. CIV-12-670-W |
| ) | |
| ACE AMERICAN INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter came before the Court on the Motion for Order Dismissing Plaintiffs' Cause of Action Without Prejudice filed on June 25, 2013, by plaintiffs Michael A. Grindstaff and Deborah L. Grindstaff. See Doc. 26. Defendant Ace American Insurance Company ("Ace") responded, see Doc. 27, and upon review of the same, the Court directed the plaintiffs to file a reply addressing Ace's argument that the dismissal they sought should be conditioned on the payment of Ace's costs and on the requirement that any future action against Ace based upon the claims in this lawsuit be filed in the United States District Court for the Western District of Oklahoma. See Doc. 28.

Rule 41(a)(2), F.R.Civ.P., permits the Court in the exercise of its discretion to dismiss an action "at the plaintiff[s'] request . . . on terms that the [C]ourt considers proper." The plaintiffs asked that the dismissal be without prejudice, and as indicated by their reply, they did not object to Ace's proposed forum and venue restriction, see Doc. 29 at 1; the plaintiffs did, however, object to Ace's request that dismissal be subject to the payment of costs.

Rule 41(a)(2) "'is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" Brown v. Baeke, 413 F.3d 1121, 1123 (10th Cir. 2005)(quoting Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 357 (10th Cir. 1996)(further quotation omitted)). "Absent 'legal prejudice' to the defendant, the . . . [C]ourt normally should grant such a dismissal." Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997)(citations omitted).

Because a request for dismissal should be granted unless the defendant will suffer some legal prejudice other than the mere prospect of a second lawsuit, the Court considered those factors deemed relevant by the circuit court in light of the circumstances of this case.[1] In so doing, the Court was mindful that "'[w]hen a plaintiff dismisses an action without prejudice, a . . . court may seek to reimburse the defendant for [its] . . . attorneys' fees because [the defendant] . . . faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon . . . [it].'" Spalsbury v. Sisson, 250 Fed. Appx. 238, 250 (10th Cir. 2007)(quoting AeroTech, Inc. v. Estes, 110 F.3d 1523, 1528 (10th Cir. 1998))(citation omitted)(cited pursuant to Tenth Cir. R. 32.1). The Court also considered whether

---

[1]The United States Court of Appeals for the Tenth Circuit has explained that

> [p]rejudice [to the defendant] does not arise simply because a second action . . . may be filed against the defendant, which is often the whole point in dismissing a case without prejudice. Rather, prejudice is a function of other practical factors including: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant[s]; insufficient explanation of the need for a dismissal; and the present stage of the litigation." These factors are neither exhaustive nor conclusive; the [district] court should be sensitive to other considerations unique to the circumstances of each case. And "[i]n reaching its conclusion, the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff[s]."

Brown, 413 F.3d at 1124 (quotations and further citation omitted).

the conditions, monetary or otherwise, if any, should be limited to those that actually "alleviate any prejudice a defendant might otherwise suffer upon refiling of an action." American National Bank & Trust Co. of Sapula v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991)(citations omitted).

As the Court noted in its prior Order, see Doc. 30, this matter involves the issue of coverage under a Disaster Recovery Certificate of Insurance ("Certificate") issued by Ace. The plaintiffs, as the Certificate holders, contended in their amended complaint that Ace unreasonably breached the Certificate's terms as well as its implied duty of good faith and fair dealing. See Doc. 7.

Ace answered on November 13, 2013, see Doc. 11, and it denied that the plaintiffs were entitled to benefits. It further alleged that it promptly and reasonably investigated and evaluated the plaintiffs' claim for benefits before making its decision about coverage under the Certificate. See Doc. 11.

The matter was set for status conference on January 2, 2013. On that date, at the plaintiffs' request and by agreement of the parties, the Court declined to enter a scheduling order, and it continued the status conference to the Court's May 2013 status conference docket in light of the plaintiffs' lawsuit against their homeowners association, involving the same events underlying the instant action. That action, which was filed in the District Court for Oklahoma County, Oklahoma, Grindstaff v. The Oaks Owners' Association, Inc., No. CJ-2011-3479, was then set for trial in April 2013.

At the status conference on May 1, 2013, the plaintiffs advised that the trial in the state court action had been continued to September 2013, and they again asked that no pretrial deadlines be established in the instant action. At Ace's request and again by

agreement of the parties, the Court permitted the parties to engage in certain paper discovery, and it set July 1, 2013, as the dispositive motion deadline.

In its response to the instant motion, Ace complained that the plaintiffs' failure to concede that no coverage exists under the Certificate and their delay in seeking dismissal of this action caused Ace "to incur unnecessary fees and expenses." Doc. 27 at 4, ¶ 8. Ace further argued that it is obligated to pay legal fees and costs associated with discovery requests, including requests for admission, requests for production and interrogatories, as well as those fees and costs related to the preparation of the motion for summary judgment that was to have been filed on its behalf. E.g., id. at 5, ¶ 9.

In their reply, the plaintiffs argued that this matter was only filed because the applicable statutes of limitation had been triggered and that had Ace agreed to the stay requested by the plaintiffs, Ace could have mitigated the fees, costs and expenses that it incurred. The plaintiffs reported that they have limited resources and that they intend to focus on the state court action.

After balancing the relevant equities in an attempt to craft conditions that were not unduly punitive or unduly favorable to either party, the Court on July 9, 2013, advised the parties that it intended to grant the plaintiffs' Motion for Order Dismissing Plaintiffs' Cause of Action Without Prejudice. It further advised the parties that to alleviate any unfairness to Ace caused by the voluntary dismissal and possible subsequent refiling of this matter, that such dismissal would be subject to certain conditions.

Since the Court had decided to impose conditions, it gave the plaintiffs the opportunity to withdraw their request for dismissal, and it directed the plaintiffs to notify the Court in writing whether their Motion for Order Dismissing Plaintiffs' Cause of Action

Without Prejudice should be deemed withdrawn because the plaintiffs had determined that the proposed conditions were unacceptable or too onerous or whether the plaintiffs' motion should be granted, subject to the conditions set forth in the Court's Order. See Doc. 30.

The plaintiffs have not withdrawn their request for dismissal within the allotted time or complained that the proposed conditions are unreasonable or burdensome.

Accordingly, the Court

(1) GRANTS the plaintiffs' Motion for Order Dismissing Plaintiffs' Cause of Action Without Prejudice [Doc. 26] filed on June 25, 2013;

(2) DISMISSES the plaintiffs' claims against Ace without prejudice; but

(3) ORDERS that such dismissal is subject to the following conditions:

    (a) if the plaintiffs refile their claims against Ace, such refiling shall be in the United States District Court for the Western District of Oklahoma;

    (b) at the time of refiling, if any, the plaintiffs shall immediately provide Ace with all responses to all currently outstanding discovery requests; and

    (c) if the plaintiffs refile their claims against Ace, the plaintiffs shall be and are hereby liable for all reasonable attorney fees, costs and expenses incurred by Ace in the preparation of the motion for summary judgment.[2]

ENTERED this  18th  day of July, 2013.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[2] As the Court stated in its Order of July 9, 2013, the amount of fees, costs and expenses will be determined at the time the plaintiffs refile their claims, and they shall pay such fees, costs and expenses within the time then designated by the Court. See Doc. 30.